UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALTER BOURG, SR.                                    CIVIL ACTION

VERSUS                                               NUMBER: 09-3803

WARDEN HOWARD PRINCE                                 SECTION: "I"(5)


**<u>REPORT AND RECOMMENDATION</u>**


Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Walter Bourg, Sr., and the State's response thereto, and petitioner's reply to the State's response. (Rec. docs. 1, 9, 10). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Bourg's petition be dismissed with prejudice.

Petitioner Bourg is a state prisoner who is presently incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana. On January 19, 2005, Bourg was found guilty of aggravated incest after trial, by jury, in the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana. On February 11, 2005, Bourg was sentenced to twenty years at hard

labor in the custody of the Louisiana Department of Corrections. Bourg directly appealed his conviction and sentence to the Louisiana First Circuit Court of Appeal, urging therein the following five assignments of error:

1.   [d]efense counsel was ineffective for failing to object to the imposition of the maximum term of imprisonment or to file a motion to reconsider sentence;

2.   [t]he trial court unconstitutionally punished the defendant for exercising his constitutional right to trial;

3.   [t]he imposition of the maximum term of imprisonment constitutes a constitutionally excessive sentence;

4.   [t]he trial judge unlawfully restricted the defendant's right to diminution of sentence for good behavior; and,

5.   [t]he trial court failed to properly advise the defendant of the delays for applying for post-conviction relief.

(St. ct. rec., vol. 3 of 4).

On March 29, 2006, the Louisiana First Circuit affirmed Bourg's conviction and sentence in an unpublished opinion. State v. Bourg, 925 So.2d 776 (La. App. 1st Cir. 2006)(table). (St. ct. rec., vol. 3 of 4). Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, Bourg had thirty days from March 29, 2006 within which to timely seek writs from that tribunal. See, e.g., Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008). Bourg failed to do so and his conviction thus became final on April 29, 2006. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)("conviction

becomes final when the time for seeking further review in the state court expires").

On April 27, 2006, just two days before his conviction had become final, Bourg signed and dated an application for post-conviction relief that was formally filed in the trial court on May 1, 2006. (St. ct. rec., vol. 1 of 4). In that application, Bourg set forth the following claims for relief:

1. ineffective assistance of counsel based on counsel's failure to object to the excessiveness of the sentence or to file a motion to reconsider it;

2. the trial court unconstitutionally punished the defendant for exercising his right to trial; and,

3. the sentencing judge failed to properly advise the defendant of the delays for applying for post-conviction relief.

(Id.).

On May 23, 2006, notice was mailed to the parties advising them that the trial court, apparently laboring under the erroneous belief that Bourg's direct appeal was still pending, had denied his application for post-conviction relief pursuant to LSA-C.Cr.P. Art. 924.1. (St. ct. rec., vol. 3 of 4). In the interim, Bourg had also filed a motion to reconsider sentence which was denied as untimely under LSA-C.Cr.P. Art. 881.1 on May 26, 2006. (Id.). From the trial court's adverse ruling on his application for post-conviction relief, Bourg sought writs from the Louisiana First

Circuit Court of Appeal. (Id.).  On October 2, 2006, that court denied Bourg's writ applciation under LSA-C.Cr.P. Arts. 930.3 and 930.4(A), State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996), and State v. Williams, 687 So.2d 564, 566 n.2 (La. App. 4th Cir. 1997).  State v. Bourg, No. 2006-KW-1488 (La. App. 1st Cir. Oct. 2, 2006)(unpublished order).  (St. ct. rec., vol. 4 of 4). Bourg did not seek writs from the Louisiana Supreme Court in the wake of the Louisiana First Circuit's ruling.

Thereafter, on October 6, 2006, petitioner signed and dated his second application for post-conviction relief, setting forth therein the following claims:

1.  he was denied the effective assistance of counsel based on counsel's alleged failure to:

    a.  strike juror Michael Cantrelle,

    b.  call the victim's mother, W.B., "... as a witness for cross-examination",

    c.  object to improper and repetitive jury instructions, and

    d.  file a motion to reconsider sentence; and,

2.  the trial judge gave improper supplemental jury charges.

(St. ct. rec., vol. 4 of 4).

The trial court ultimately denied Bourg's second application for post-conviction relief on April 25, 2007. (Id.).  From that unfavorable ruling, Bourg once again timely sought writs from the

4

Louisiana First Circuit which denied same on Aug. 6, 2007. State v. Bourg, No. 2007-KW-1220 (La. App. 1st Cir. Aug. 6, 2007)(unpublished order). (St. ct. rec., vol. 4 of 4). Bourg's subsqent writ application to the Louisiana Supreme Court met a similar fate on August 22, 2008. State ex rel. Bourg v. State, 988 So.2d 249 (La. 2008). Bourg signed and dated his federal habeas petition on May 20, 2009. (Rec. doc. 1-1, p. 10). In it, he presents the following claims for relief:

1. the trial judge gave inadequate jury instructions in violation of the Fifth and Fourteenth Amendments;

2. ineffective assistance of counsel based on counsel's alleged failure to:

   a. object to the alleged inadequate jury charges,

   b. strike juror Michael Cantrelle, and

   c. call the victim's mother, W.B., "... for cross-examination ...";

3. ineffective assistance of counsel based on counsel's failure to object to the excessiveness of the sentence or to file a motion for reconsideration; and,

4. excessive sentence.

(Rec. docs. 1-1, pp. 3-7; 1-2)

Preliminarily, the Court must first determine whether Bourg's petition was timely-filed under 28 U.S.C. §2244(d) and whether the claims set forth in his petition were exhausted in the state court system as required by 28 U.S.C. §2254(b)(1)(A).

Under 28 U.S.C. §2244(d)(1), state prisoners like Bourg have one year from the date that their convictions became final to timely seek federal habeas corpus relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly-filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period.

As noted in the procedural history set forth above, Bourg's conviction became final on April 29, 2006 when he failed to seek writs from the Louisiana Supreme Court following the affirmance of his conviction by the Louisiana First Circuit. Bourg's first application for post-conviction relief was signed on April 27, 2006 and it and the appeal from its denial were pending before the state courts until October 2, 2006. Petitioner's second application for post-conviction relief was filed less than two weeks later and it and the appeals from it remained pending before the state courts until August 22, 2008. Bourg signed and dated his federal habeas petition approximately nine months later. Because the cumulation of the foregoing untolled time periods does not exceed the one-year limitation prescribed by §2244(d), the Court finds that Bourg's habeas petition was timely-filed.

Exhaustion of state court remedies is typically a condition precedent to a federal habeas court's review of the merits of a

petitioner's claims for relief. 28 U.S.C. §2254(b)(1)(A); <u>Rose v.</u> <u>Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982). The exhaustion requirement is satisfied only where the grounds urged in a federal habeas petition were previously presented to the state's highest court in a procedurally proper fashion. <u>Knox v. Butler</u>, 884 F.2d 849, 852 n.7 (5th Cir. 1989), <u>cert</u>. <u>denied</u>, 494 U.S. 1088, 110 S.Ct. 1828 (1990); <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir. 1988). Related to the exhaustion requirement is the doctrine of procedural default, another separate but distinct limit on the availability and scope of federal habeas review. <u>See</u> <u>Nobles v. Johnson</u>, 127 F.3d 409, 420-23 (5th Cir. 1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1139, 118 S.Ct. 1845 (1998).[1]/ "A procedural default ... occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims would now find the claims procedurally barred.'" <u>Id</u>. at 420 (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1 (1991)); <u>Sones v. Hargett</u>, 61 F.3d 410, 416 (5th Cir. 1995).

With limited exceptions not relevant here, Article 930.8 of

---

[1]/ A district court may raise the issue of procedural default <u>sua</u> <u>sponte</u> provided that the petitioner is given notice. <u>Magouirk</u> <u>v. Phillips</u>, 144 F.3d 348, 358 (5th Cir. 1998). This Report and Recommendation will provide Bourg with that required notice. <u>Id</u>. at 359.

the Louisiana Code of Criminal Procedure provides that no application for post-conviction shall be considered by the state courts if it is filed more than two years after the judgment of conviction and sentence of a defendant have become final. The Fifth Circuit has determined that Article 930.8 constitutes an independent and adequate state rule that is regularly applied by the state courts. <u>Glover v. Cain</u>, 128 F.3d 900, 902 (5th Cir. 1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1125, 118 S.Ct. 1811 (1998).

As is apparent from the procedural history discussed above, Bourg has been before the Louisiana Supreme Court on only one occasion since the date that he was convicted of aggravated incest, that being the writ application that he filed in connection with the denial of his second application for post-conviction relief. However, nowhere in that writ application to the Louisiana Supreme Court did Bourg urge as a separate, distinct claim the excessiveness of his sentence. (<u>See</u> rec. doc. 12). It would now be too late for him to do so in light of Article 930.8. Accordingly, habeas review of Bourg's excessive sentence claim is barred unless he can establish cause for his procedural default and actual prejudice as a result of the alleged constitutional violation, or if he can demonstrate that the failure to entertain the claim will result in a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

Bourg cannot establish cause for failing to bring his excessive sentence claim to the attention of the Louisiana Supreme Court prior to the expiration of the time period set forth in Article 930.8. The claim was duly presented as a separate assignment of error in Bourg's direct criminal appeal to the Louisiana First Circuit but he thereafter failed to seek writs from the Louisiana Supreme Court after his conviction and sentence were affirmed.[2] No external impediment prevented him from doing so. See Moore v. Roberts, 83 F.3d 699, 704 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 772 (1997). Without a showing of cause, the Court need not consider the element of prejudice. See Murray v. Carrier, 477 U.S. 478, 494-95, 106 S.Ct. 2639, 2649 (1986). Likewise, because Bourg makes no showing of actual innocence, he has not demonstrated that a fundamental miscarriage of justice will occur if his excessive sentence claim is not considered. Glover, 128 F.3d at 904.

Having disposed of Bourg's excessive sentence claim, the Court now turns to the merits of the other claims that he properly

---

[2] Although Bourg did argue in his second application for post-conviction relief and subsequent writ application to the Louisiana Supreme Court that his counsel was ineffective for failing to file a motion to reconsider sentence, that claim and a traditional excessive sentence claim are based on different legal theories. See Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001).

9

exhausted in the state court system.  To facilitate a resolution of those claims, the Court recalls the evidentiary facts that were established at Bourg's trial as aptly summarized by the Louisiana First Circuit Court of Appeal as follows:

> [o]n September 19, 2003, Detective Gary Tullis of the Juvenile Investigations section of the Lafourche Parish Sheriff's Office received a report indicating that H.M., an eight-year old female, had been the victim of sexual abuse.  H.M.'s mother, W.B., made the report.  W.B. indicated that the defendant (W.B.'s father and H.M.'s biological grandfather) had fondled H.M.'s vaginal area on several occasions.  In response to the report, Det. Tullis contacted the defendant at his residence and brought him in for questioning.  After being advised of, and waiving, his **Miranda** rights, the defendant provided a tape-recorded statement wherein he admitted that he touched his granddaughter's vagina on several occasions at his residence.  In the statement, when asked to describe what he did to H.M., the defendant stated, "[w]ell maybe three or four times I played with her, but she was the one that came to me I didn't go to her."
>
> At trial of this matter, Det. Tullis testified that several days after he took the defendant's taped statement, the defendant came to see him at the Sheriff's Office.  Det. Tullis met with the defendant in the lobby. According to Det. Tullis, the defendant began explaining that he believed that he had been set up.  The defendant stated that he believed that his daughter, W.B., sent H.M. into his bedroom to entice him.  Det. Tullis explained that even if this were true, the defendant should not have touched the child.  The defendant then stated, "[w]ell, what would you do if she spread her legs in front of you?" When Det. Tullis stated that he would not have touched her, the defendant replied, "[y]eah, right."  Dora Champagne, the switchboard operator, witnessed this exchange.
>
> H.M. testified that the defendant fondled her vaginal area, showed her his penis, and attempted to insert his finger into her vagina on numerous occasions.  The child

testified that the defendant threatened to kill her, her
mother, sisters, and brother if she ever told anyone.

<u>Bourg</u>, No. 2005-KA-0928
(unpublished op. at pp.
2-3).

In his first claim for relief, Bourg argues that the trial
judge's instructions to the jury were constitutionally inadequate.
More specifically, after the jurors were duly instructed on the law
and had retired to deliberate, they sent a note to the judge
stating that "[w]e need clarification on the difference [between]
attempted aggravated incest [and] aggravated incest." (St. ct.
rec., vol. 3 of 4, trans. of Jan. 19, 2005, p. 141). Upon being
returned to the courtroom, the trial judge advised the jurors that
he "... cannot give a greater explanation than that (sic) is
contained in the jury charge. What I can do, if you would like, is
to reread the portion dealing with the initial charge and with the
attempt. Is that something the jury would be satisfied with?"
(<u>Id</u>.). When the jury answered in the affirmative, the trial judge
then proceeded to re-read those portions of the original jury
instructions which contained the statutory definitions of
aggravated incest and the responsive verdict of attempted
aggravated incest. (<u>Id</u>. at pp. 141-145). After deliberating
further, the jury returned its verdict of guilty of aggravated
incest. (<u>Id</u>. at pp. 145-148).

Improper jury instructions in state criminal trials do not generally form a basis for federal habeas corpus relief. Cupp v. Naughten, 414 U.S. 141, 94 S.Ct. 396 (1973); Tarpley v. Estelle, 703 F.2d 157, 159-60 (5th Cir.), cert. denied, 464 U.S. 1002, 104 S.Ct. 508 (1983). An erroneous instruction will support a collateral attack on the constitutional validity of a state court's judgment only if the ailing instruction so infected the entire trial that the resulting conviction violates due process. Henderson v. Kibbs, 431 U.S. 145, 154, 97 S.Ct. 1730, 1737 (1977)(quoting Cupp, 414 U.S. at 147, 94 S.Ct. at 400). The instruction in question may not be judged in artificial isolation, but must be viewed in the context of the overall charge. Cupp, 414 U.S. at 146-47, 94 S.Ct. at 400.

Bourg argues that the trial judge's actions in simply re-reading the statutory definitions of the responsive verdicts failed to ameliorate the "confusion" that petitioner alleges the jurors were laboring under. The jurors, however, expressed no "confusion" but merely sought "clarification" on the differences between aggravated incest and attempted aggravated incest. The cases cited by Bourg all involve direct appeals of federal criminal defendants and do not provide the appropriate standard of review here. In any event, the Court is hard-pressed to see how the mere re-reading of the statutory definitions of the responsive verdicts so infected

the entirety of Bourg's trial such that the resulting conviction violates due process. Moreover, in light of the overwhelming evidence of Bourg's guilt, which included his inculpatory statements to police, even assuming that the trial judge's instructions were flawed, the Court is unable to say that the charges had a substantial and injurious effect or influence in determining the jury's verdict. California v. Roy, 519 U.S. 2, 4-5, 117 S.Ct. 337, 338 (1996)(citing Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 1722 (1993)); Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239 (1946). This claim is without merit.

Bourg's second and third claims for relief are that he was denied the effective assistance of counsel in several respects. To merit relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984), by demonstrating that: (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. The burden of proving either element of Strickland is a heavy one and if proof of one element is lacking, the Court need not consider the other. Id. at 697, 104 S.Ct. at 2069. Strickland review is highly deferential and a petitioner must overcome the strong presumption that counsel's actions or inactions were part of a sound trial strategy. Murray v. Maggio,

736 F.2d 279, 282 (5th Cir. 1984); <u>Boyd v. Estelle</u>, 661 F.2d 388, 390 (5th Cir. 1981).  The prejudicial element of <u>Strickland</u> requires a petitioner to show that, but for his attorney's errors, there is a reasonable probability that the result of the trial would have been different, a probability sufficient to undermine confidence in the outcome of the proceeding.  <u>Strickland</u>, 466 U.S. at 694, 104 S.Ct. at 2068. Moreover, "[i]f the facts addressed at trial point so overwhelmingly to the defendant's guilt that even the most competent attorney would be unlikely to have obtained an acquittal, then the defendant's ineffective assistance claim must fail." <u>Green v. Lynaugh</u>, 868 F.2d 176, 177 (5th Cir.), <u>cert</u>. <u>denied</u>, 493 U.S. 831, 110 S.Ct. 102 (1989).

Bourg's first specification of counsel's ineffectiveness is that counsel failed to object to the allegedly erroneous jury charge that was just discussed.  The Court having determined that the jury instruction was not inadequate, there was no valid basis upon which counsel could have objected.  Simply put, counsel was not ineffective for failing to lodge baseless objections.

In his second specification of alleged ineffectiveness, Bourg complains of counsel's failure to strike a particular juror, Michael Cantrelle.

During <u>voir</u> <u>dire</u> examination, the jurors were asked whether any of them or their family members had ever been arrested or

convicted of a crime. (St. ct. rec., vol. 2 of 4, trans. of Jan. 18, 2005, p. 79). One of the members of the jury pool, Marissa Dufrene, answered that her uncle had been convicted of child molestation almost ten years earlier. (<u>Id</u>. at pp. 82-83). As the <u>voir</u> <u>dire</u> continued, the jurors were subsequently asked whether they knew of anyone, whether a friend or a relative, who had been a victim of sexual abuse. (<u>Id</u> at p. 113).  In response to that question, juror Michael Cantrelle raised his hand and, after being called upon, the following colloquy occurred:

MICHAEL CANTRELLE:

     Same case as Marissa.  I'm Marissa's great uncle.

MR. STENTZ:
(DEFENSE COUNSEL)

     You're related to - -

MICHAEL CANTRELLE:

     - - Marissa.  And the person she speaks about I knew them about I knew them (sic) about the case and what was involved with it.

MR. STENTZ:

     You also were involved with it?

MICHAEL CANTRELLE:

     Oh, no.  I said I knew what was involved with it.

MARISSA DUFRENE:

     It's a tight-knit family. It was several of my cousins that he was charged with.

MR. STENTZ:

    Mr. Cantrelle, based on what you know of that incident do you feel like you could still be a fair juror in this case?

MICHAEL CANTRELLE:

    I feel I can listen to the evidence.  I think I will, you know, when something like that happens it really - - or I feel compelled to do something about it, but I feel I can listen to [the] evidence and judge from there.

MR. STENTZ:

    When you say "you feel compelled to do something about it", you mean - -

MICHAEL CANTRELLE:

    - - I mean - - it's something when that happens, especially when it's so close [to] the family and all that it really does [have] an effect on the person.

MR. STENTZ:

    Okay.

MICHAEL CANTRELLE:

    And when you hear that happening again or hearing it again, certainly you're going to be thinking about what happened before and be thinking about the person that allegedly was, you know, that this was allegedly done to.  I feel, naturally, that I will in the back of my mind be thinking about that.  But I feel I can still listen to [the] evidence enough to make a judgment from those facts and not an assumption that happened 20 years ago - -

MARISSA DUFRENE:

    Ten years ago.

MR. STENTZ:

The bottom line is you feel you could be fair?

MICHAEL CANTRELLE:

Yes.

(<u>Id</u>. at pp. 114-115).

When the parties were asked to exercise their strikes, the defense requested that Marissa Dufrene be excused for cause primarily based on the fact that she may have personal knowledge of the facts of the case. (<u>Id</u>. at p. 132). The trial judge noted that Ms. Dufrene had indicated that she could still be fair and impartial despite the earlier child molestation proceedings involving her uncle but of greater concern to him was the fact that she was a direct employee of the Lafourche Parish Sheriff's Department. (<u>Id</u>. at pp. 132-133). The Judge thus granted the defense's challenge for cause as to Dufrene. (<u>Id</u>. at 133). Yet another juror who was acceptable to the State, Pamela Kraemer, was challenged for cause based on the fact that she herself had been molested seventeen years earlier, had been committed for it, and had stated that she could not put that past experience aside in judging the defendant's guilt. (<u>Id</u>. at pp. 134-135). Michael Cantrelle was then accepted as a juror without objection. (<u>Id</u>. at p. 135).

In State v. Ledet, 694 So.2d 336, 340-41 (La. App. 1st Cir. 1996), writ denied, 701 So.2d 163 (1997), the state appellate court upheld the trial court's denial of a challenge for cause of a juror whose ten-year-old cousin had been raped and murdered three or four years earlier where the juror stated that she could put that past experience aside.  The denial of a defense's challenge for cause was similarly upheld in State v. Anderson, 679 So.2d 181, 183-184 (La. App. 4th Cir. 1996) where the juror had indicated that she could render a fair judgment in the case even though her daughter had been raped years earlier.  A challenge for cause was also found to be unwarranted as to a juror whose sister who had been raped fourteen years earlier where the juror stated that she could be impartial even though her experience would cause her to "look at the facts more closely."  State v. Thom, 615 So.2d 355, 360 (La. App. 5th Cir. 1993).  Finally, in State v. Gray, 533 So.2d 1242, 1246 (La. App. 4th Cir. 1988), writ denied, 546 So.2d 12 (La. 1989), the denial of a challenge for cause was upheld where the juror stated that she could still judge the case fairly despite the fact that her niece had been a rape victim.

In the present case, the juror in question, Michael Cantrelle, stated unequivocally that he could still judge Bourg's case fairly despite a distant relative having been convicted of molestation ten years earlier.  The defense's challenge for cause as to Marissa

Dufrene was sustained not only because she was more closely related to and familiar with that earlier molestation case but because she was employed by the very same law enforcement body which had investigated the crime, including interrogating Bourg and obtaining his inculpatory statements. In light of the jurisprudence set forth above, the Court does not believe that a challenge for cause could have been properly granted as to Cantrelle. It follows, then, that counsel was not ineffective for failing to make such a challenge. Moreover, in light of the overwhelming evidence of Bourg's guilt, the Court is unable to say that result of his trial would have been any different had counsel made an objection. <u>Green</u>, 868 F.2d at 177. This claim is without merit.

In his next specification of alleged ineffectiveness, Bourg complains of counsel's failure to call the victim's mother, Wanda Bourg, for "cross examination." This failure, petitioner alleges, deprived him of the opportunity to confront his accuser.

Complaints of uncalled witnesses, in an effort to demonstrate ineffective assistance of counsel, are generally disfavored in federal habeas proceedings. <u>Murray</u>, 736 F.2d at 282. This is so because "... the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness [would] testif[y] [to] are largely speculative." <u>Boyd v. Estelle</u>, 661 F.2d 388, 390 (5th Cir. 1981)(quoting <u>Buckelew v. United States</u>, 575 F.2d

515, 521 (5th Cir. 1978)). A habeas petitioner must thus overcome the strong presumption that his counsel's decision in not calling a witness was a strategic one, Murray, 736 F.2d at 282, and he must ultimately demonstrate that the witness was both available and would have testified favorably in his case. Gomez v. McKaskle, 734 F.2d 1007, 1109-10 (5th Cir.), cert. denied, 469 U.S. 1041, 105 S.Ct. 524 (1984); Boyd, 661 F.2d at 390.

Petitioner makes no showing that the witness in question was both available and would have testified favorably in his case. In addition, based on a review of defense counsel's closing argument to the jury, it is apparent that counsel made a tactical decision not to call Ms. Bourg to the stand but to instead criticize the prosecution's failure to call her in its case-in-chief. (St. ct. rec., vol. 3 of 4, trans. of Jan. 19, 2006, pp. 120-128). The victim in the case, Bourg's granddaughter, was called to testify by the State and the defense availed itself of the opportunity to cross-examine her. In light of the weighty evidence of Bourg's guilt, the result of his trial would have been no different had his daughter been called to testify. Green, 868 F.2d at 177. This contention is rejected.

Bourg's final, exhausted claim for relief is that he was denied the effective assistance of counsel based on counsel's failure to object to the excessiveness of his sentence or to move

to have it reconsidered. This failure, petitioner alleges, "...
effectively waived Mr. Bourg's right not only to have his sentence
reconsidered, but to have it reviewed on direct appeal." (Rec. doc.
1, p. 6).

"In the state sentencing context, the relevant inquiry is
whether, absent counsel's errors, there is a reasonable probability
that the defendant's sentence would have been 'significantly less
harsh.'" Dale v. Quarterman, 553 F.3d 876, 880 (5th Cir.
2008)(quoting Spriggs v. Collins, 993 F.2d 85, 88-89 (5th Cir.
1993)). Bourg fails to make that formidable showing. Initially,
the observations of the Louisiana First circuit notwithstanding,[3]
the Court is not convinced that counsel so fully failed to object
to the length of petitioner's sentence so as to waive meaningful
appellate review. While counsel did not file a written motion to
reconsider sentence, LSA-C.Cr.P. Art. 881.1(B) provides that "[t]he
motion should be oral at the time of sentence or shall be in
writing thereafter ..." In State v. Singleton, 614 So.2d 1242 (La.
1993), the Louisiana Supreme Court found that defense counsel had
adequately preserved the excessiveness of the defendant's sentence

---

[3] In its opinion affirming Bourg's conviction and sentence,
the Louisiana First Circuit stated that its review of the record
"... does not reveal that defendant's trial counsel made an oral
motion to reconsider sentence." Bourg, No. 2005-KA-0928 (unpub.
op. at p. 3).

for review where he began the combined guilty plea and sentencing proceeding by objecting to the length of the sentence the trial court was poised to but had not yet meted out. At Bourg's sentencing hearing, after the prosecutor asked that the maximum sentence of twenty years be imposed, defense counsel pointed out that petitioner had been offered a plea agreement of fifteen years at a time prior to trial when he faced not one but two counts of aggravated incest. (St. ct. rec., vol. 2 of 4, trans. of Feb. 11, 2005, p. 2). Contrary to Bourg's present contention, the excessiveness of his sentence was one of the five assignments of error that was presented and considered in his direct criminal appeal. Bourg, No. 2005-KA-0928 (unpub. op. at pp. 3-6). In light of the disturbing facts of the case, the Louisiana First Circuit easily concluded that Bourg's twenty-year sentence was not excessive. Id. Bourg has not shown that but for counsel's alleged omission his sentence would have been significantly less harsh.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Walter Bourg, Sr. be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being

22

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this <u>19th</u> day of <u>March</u>, 2010.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE